UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNELL EVANS,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>JEFFREY BEARD, Secretary,<br><br>　　　　　　Respondent. | ) Case No. CV 15-3749-JPR<br>)<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>) GRANTING RESPONDENT'S MOTION TO<br>) DISMISS, DENYING PETITION, AND<br>) DISMISSING ACTION WITH PREJUDICE<br>)<br>)<br>)<br>) |

　　　On May 3, 2015, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his 1997 convictions for assault with enhancements. (Pet. at 3, 23.)[1]  He subsequently filed notice consenting to the jurisdiction of the undersigned Magistrate Judge.  On August 17, 2015, Respondent filed a motion to dismiss the Petition as time barred.  He also consented to the undersigned's jurisdiction. Petitioner did not timely file opposition to the motion to dismiss.  Accordingly, on September 29, 2015, after confirming on

---

[1] Because the Petition and its exhibits are not sequentially numbered, the Court uses the pagination from its Case Management/Electronic Case Filing system.

1

1  the California Department of Corrections and Rehabilitation's
2  Inmate Locator website that Petitioner remained incarcerated at
3  his address of record, the Court sua sponte extended the time for
4  him to file opposition to the motion to dismiss by 20 days.  To
5  date, however, Petitioner has not filed any opposition.

6      The Court has independently reviewed the exhibits submitted
7  by Petitioner with his Petition as well as the state-court record
8  lodged by Respondent.  For the reasons stated in Respondent's
9  motion to dismiss,[2] the Petition is time barred by at least 10
10 years and possibly as many as 16.  IT THEREFORE IS ORDERED that
11 (1) Respondent's motion to dismiss is GRANTED and (2) Judgment be
12 ENTERED denying the Petition and dismissing this action with
13 prejudice.

15 DATED: November 10, 2015     _____
16                              JEAN ROSENBLUTH
                                U.S. MAGISTRATE JUDGE

---

[2] As Respondent notes (Mot. at 7-10), Petitioner's actual-innocence claim cannot save him from the AEDPA statute of limitations, see 28 U.S.C. § 2244(d)(1), because he has not presented any "new" evidence in support of the claim.  As Respondent points out (Mot. at 9), Anthony Herod's March 2013 witness statement is generally consistent with his trial testimony.  If anything, the statement is less favorable to Petitioner, as in it Herod states that he didn't see whether Petitioner had a gun but someone in his group "likely" did (Pet., Exs. pt. 3 at 10), whereas at trial he testified unequivocally that Petitioner did not have a gun (Lodged Doc. 9, 3 Rep.'s Tr. at 476).